GREGO A. ANTICICH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19057.   Promulgated December 16, 1929.

*George E. H. Goodner, Esq.,* and *Walter K. Smith, Esq.,* for the petitioner.

*Arthur H. Murray, Esq.,* for the respondent.

OPINION.

TRUSSELL: Two issues survive for decision. The first relates to cash and stock in trade inherited by the petitioner from his brother. The second is a question of inventory on hand at the end of 1918. Both issues are questions purely of fact.

A great deal of the rather voluminous testimony in this case is too indefinite to enable an exact finding of all of the relevant facts, yet, even though we also attach little weight to the investigations and the conclusions of a public accountant employed by the petitioner in an endeavor to uncover the missing details, we are satisfied that the determination of the respondent is grossly erroneous and are of opinion that it should be revised so far as now possible.

We will consider, first, the cash inherited by the petitioner and which the petitioner alleges in the first issue was included in income by the respondent. The petitioner makes no further contention relative to the bank deposit of $1,905.68, and there is no satisfactory evidence in support of the allegation. We are unable to make any redetermination in this respect. An amount of $25,000 cash was also inherited by the petitioner, and in this regard there may have

been opportunity for error. The petitioner contends that this cash was deposited in the bank along with the cash income from the business which the petitioner proceeded to conduct after the death of his brother, and, since the respondent has computed the income upon the basis of the aggregate of the bank deposits, an overstatement of income in the amount of $25,000 resulted. The evidence shows that within 60 days after the death of the brother the petitioner deposited in the bank an aggregate of $25,606.25 and subsequently there were further large deposits. These deposits were made at various times, and we are without information as to the dates and amounts which combine to make the aggregate in evidence or as to the source of the cash deposited. In the entire absence of proof that the $25,000 inherited cash was at any time actually deposited, in whole or in part, in the bank, we are asked to entertain a presumption that it must have been included in the aggregate of the deposits during the first 60 days, although the fact that the business was operated during that period offers possibilities and even probabilities of the realization of large amounts of cash. We do not feel that the income has been shown to have been overstated by the respondent in this respect.

The remaining part of the first issue and the whole of the second issue relate to inventories of stock in trade on hand at the beginning of petitioner's business operations and at the end of 1918. For reasons which will presently appear, we will consider these questions together. A careful consideration of the evidence convinces us that there was undoubtedly a considerable stock of liquors on hand on the boats at Grant Pass when the petitioner's brother died. As to its value, we are of opinion that it was worth at least $25,000. In determining the tax liabilities of the petitioner for the taxable years, that value of the opening inventory is allowable in the computation of subsequent gains or losses. This opening inventory has not been given consideration by the respondent in computing income. However, this fact alone is not determinative of the issues for, obviously, in this business, requiring the consideration of inventories, a computation of the income depends also upon the closing inventory. We are satisfied that at the end of 1918 a stock in trade remained on hand. The contentions of the petitioner, therefore, when combined amount to this: that the amount of the income for 1918 is erroneous to the extent that the opening inventory differs from the closing inventory, and the amount of the income for 1919 is overstated by the amount of the opening inventory which, of course is the same as the closing inventory for the previous year. Unfortunately, the petitioner failed to take an inventory at the end of 1918; there is no satisfactory evidence, and we have no idea of its allowable value. Petitioner proposes to use an estimated inven-

tory prepared by a public accountant in his employ, but this is unallowable in every way. The quantities are estimated, the prices are selling prices, and there is no evidence whatever of the cost of the stock. The market value may only be used when lower than cost. Compare section 203 of the Revenue Act of 1918 and articles 1581 to 1584, inclusive, of Regulations 62.

We are nevertheless satisfied that the determination of the respondent should be revised in this respect if there is any means at hand to do so. The respondent has used, a number of times, various percentage methods of computing income. See *David Welsch*, 2 B. T. A. 64; *Benjamin Colitz*, 3 B. T. A. 947; *Jacob Roffwarg*, 2 B. T. A. 332; *M. Cohen*, 5 B. T. A. 240. In other cases we have approved apportionment of income upon a time basis. See *Carl Lang*, 3 B. T. A. 417; *C. E. Cooper*, 4 B. T. A. 1267. In the case of *Cullom & Ghertner Co.*, 2 B. T. A. 1299, the gross profit was apportioned on a percentage basis.

In the instant case we think a use of the percentage of gross profit is the most satisfactory method at hand. Over the period during which the petitioner operated his business beginning with the inheritance of it from his brother, and ending in the following year with a disposal of the entire stock in trade and the closing up of the business, we have the following known factors: the aggregate of gross income, the aggregate of stock in trade purchased, and in addition we have determined in this opinion the value, for income-tax purposes, of the opening inventory. From these factors the rate per centum of gross profit on sales should be computed and the gross income should be apportioned ratably according to the amount of the sales attributed to each year. The deductions allowed by the respondent other than the cost of goods sold are not at issue and should be allowed without alteration in the redetermination.

*Judgment will be rendered pursuant to Rule 50.*